# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| DUSTY HAGGARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEDICAL LINCOLN COUNTY JAIL, )<br>)<br>Defendant. ) | No. 4:18-cv-046-TWP-SKL |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, and Plaintiff will be granted leave to file an amended complaint.

## I. FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On July 23, 2018, Plaintiff filed a fully compliant application, and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is in custody at the Lincoln County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Lincoln County Jail to ensure that the custodian of Plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II.    BACKGROUND

Plaintiff filed this complaint under 42 U.S.C. § 1983 on July 23, 2018 against Defendant "Medical Lincoln County Jail" for alleged violations of his civil rights during his confinement at the Lincoln County Jail [Doc. 1 p. 1]. The substance of Plaintiff's complaint alleges, in its entirety:

> I have hep C. I need glasses and have multiple abssesses [sic] in my mouth. I have been denied medical attention. Eighth Amendment.
> . . .
> I have been denied medical attention I seek. This facility refuses to send me to a facility that will provide it. I need or seek treatment for my Hep C. I need or seek eye treatment and the removes of the absseses [sic] in my mouth.

[*Id.* at 1–2]. Plaintiff seeks "access to relief of medical provisions or . . . [to be] moved to a facility that will treat [him], . . . retribution of [his] medical needs," good time credits, and for "them to be held accountable for their actions" [*Id.* at 3].

## III. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found

elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

## B. Improper Defendant

In his complaint, Plaintiff brings suit against "Medical Lincoln County Jail" as the sole Defendant [Doc. 1 p. 1]. The Lincoln County Jail is a building, and not a suable entity within the scope of 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 (finding that in a suit against a local government unit, only "bodies politic" are "persons" who are amenable to be sued under § 1983); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *McIntosh v. Camp Brighton*, No. 14–CV–11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are improper defendants under § 1983).

Additionally, the Lincoln County Jail Medical Staff is not a "person" subject to suit within the terms of § 1983. *See Monell*, 436 U.S. at 689–690 n.53; *see also Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983"); *Anderson v. Morgan County Corr. Facility*, No. 3:14–cv–516, 2015 WL 7281665, at *3 (E.D. Tenn. Nov. 17, 2015) (finding that the jail medical staff is a non-suable entity under § 1983). Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

### C. Leave to Amend Complaint

Despite its deficiencies, the Court does not deem it appropriate to dismiss Plaintiff's complaint at this juncture. Plaintiff alleges that he has "been denied medical attention [for] Hep C," and that he has attempted to "seek treatment" [Doc. 1 p. 2].

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* To prevail on a claim alleging Eighth Amendment violations in the prison medical context, a plaintiff must show that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has [both] objective and subjective components." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component of a claim for the denial of medical care requires proof the inmate was suffering from a sufficiently serious medical need such that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) supported by medical evidence, like a physician's diagnosis. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)).

The subjective component of a claim for the denial of medical care requires an inmate to show that a prison official possessed a culpable state of mind—one of "deliberate indifference." *Farmer*, 511 U.S. at 834. "Put simply, 'deliberate indifference' to a substantial risk

of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Johnson v. Karnes,* 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 836). To meet this subjective standard, a plaintiff must establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference," and (3) "then disregarded that risk." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Further, Plaintiff must show that each Defendant upon whom he seeks to impose liability, through that Defendant's own conduct, has violated Plaintiff's constitutional rights. *See Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) ("A critical aspect of the § 1983 . . . universe is that to be held liable, a plaintiff must demonstrate 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

While in its present form, his complaint does not state a claim for relief against a named Defendant, it is conceivable that Plaintiff could cure this defect in the complaint if given leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "under Rule 15(a), a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the

PLRA."). As a result, it is appropriate to grant Plaintiff leave to amend his complaint to correct the deficiencies noted in this Memorandum and Order.

IV. **CONCLUSION**

While Plaintiff's complaint does not state a claim upon which relief may be granted as filed, some of Plaintiff's allegations could state a claim, if amended. Accordingly, Plaintiff is allowed twenty-one (21) days from the date of entry of this Order to amend his complaint as set forth below.

Plaintiff's amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Accordingly, Plaintiff's amended complaint should contain only concisely stated claims for violations of civil rights, in paragraphs that are labelled and clearly identify the specific causes of action that he wishes to pursue as to each defendant and the facts supporting each such claim.[1]

Therefore, for the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**. Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this Order;

---

[1] Plaintiff is further **NOTIFIED** that, under Rule 15(c), the Court may only address the merits of claims that "relate back" to the original complaint – that is, the Court can consider only those claims and allegations that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, Plaintiff is on notice that his amended complaint is not the place for Plaintiff to set forth any wrongs of a different factual or legal nature that Plaintiff has perceived subsequent to the filing of his original complaint. Instead, the amended complaint is merely an opportunity for Plaintiff to name proper entities as defendants to this suit, clarify the exact nature of his claims against each defendant, and provide concise factual allegations supporting each such claim.

2. Plaintiff is hereby **ORDERED** to file an amended complaint—which will replace and supersede his prior complaint—**within twenty-one (21) days** of the entry of this Order. Plaintiff is **NOTIFIED** that failure to timely comply with this Order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court;
3. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint which Plaintiff may use to draft this amended complaint.

**SO ORDERED.**

**ENTER:**

                                                s/Thomas W. Phillips
                                   SENIOR UNITED STATES DISTRICT JUDGE