# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| DUSTY HAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-046-TWP-SKL |
| ) | |
| BRENDA BURNS,[1] TINA TANNER, ) | |
| DR. WILLIAM JONES, and DR. PATEL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's pro se amended complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 5]. On July 25, 2018, the Court entered an Order screening Plaintiff's original complaint, and found that "[w]hile in its present form, his complaint does not state any claim for relief against a named Defendant, it is conceivable that Plaintiff could cure this defect in the complaint if given leave to amend" [Doc. 4 p. 6]. The Court then granted Plaintiff leave to file an amended complaint within twenty-one (21) days from the date of entry of the Court's order [*Id.* at 7]. Plaintiff filed an amended complaint on August 6, 2018 [Doc. 5].

Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, Defendant Patel will be **DISMISSED**, and this action will proceed only as to Plaintiff's medical deliberate indifference claims against Defendants Burns, Tanner, and Jones.

---

[1] The Clerk is **DIRECTED** to correct the spelling of Defendant Burns' name.

## I. BACKGROUND

In his amended complaint, Plaintiff filed suit under 42 U.S.C. § 1983 against Defendants Burns, Tanner, Jones, and Patel for alleged violations of his civil rights during his confinement at the Lincoln County Jail [Doc. 5 p. 5]. The substance of Plaintiff's complaint alleges:

> I need my Hep C cured. There is now a cure and no reason to be denied. My eyes are in need of glasses for proper sight.
>
> As stated in § 4:15, I also need to get these abscesses out of my mouth. They can be potentially deadly.
> . . .
>
> It's on record at this facility that I have Hep C and I have bad eyes. I have filed multiple medical request[s] to get help for and cure my problems.
>
> The medical staff Brenda Burns stated in front of Dr. Williams that the state is not sending sufficient funds and they can't help me short of me falling out or dying. Miss Tina Tanner also indicates that the facility doesn't have the funding to provide health care necessary.
>
> The medical staff have put me in for the dentist but claim they have not had a dentist in over a year.
> . . .
>
> This facility lacks almost all fed[e]ral law book and most state. It is restricted to an hour visit and there are no legal aids provided . . . . I am constantly denied help in my law library time or cancel . . . I also [ ] believe my legal mail is getting tampered with.

[*Id.* at 1–5]. Plaintiff seeks injunctive relief, compensatory damages, and good-time jail credits [*Id.* at 4].

## II. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed

the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B. Lack of Personal Involvement

Plaintiff brings suit against Defendant Patel by solely listing "Dr. Patel" as a Defendant in his complaint [Doc. 5 p. 1]. However, Plaintiff has failed to allege the personal involvement of Defendant Patel in the alleged violation of his civil rights. A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Plaintiff must affirmatively show that each Defendant he seeks to hold liable, through that Defendant's own actions, has violated his constitutional rights. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014). Plaintiff's complaint fails to include any factual allegations against Defendant Patel, other than listing his status as a doctor. It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of constitutional rights).

Further, Defendant Patel cannot be held liable due to any potential supervisory position. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it."

*Bellamy*, 729 F.2d at 421 (citation omitted); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Therefore, Plaintiff's allegations against Defendant Patel fail to state a claim for relief under § 1983, and Defendant Patel will be **DISMISSED**.

### C. Medical Deliberate Indifference Claims

Plaintiff claims that he needs treatment for his diagnosed Hepatitis-C, as well as for abscesses in his eyes, and that he has "filed multiple medical request[s] to get help" [Doc. 5 p. 3]. In the case of a pretrial detainee, the Fourteenth Amendment Due Process Clause forbids officers from "unnecessarily and wantonly inflicting pain" on a pretrial detainee with "deliberate indifference" towards the detainee's serious medical needs. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). An officer's "deliberate indifference violates [this] right when the indifference is manifested by [officers] in intentionally denying or delaying access to medical care for a serious medical need." *Id.* (internal citations omitted). However, whether Plaintiff was a convicted prisoner or a pretrial detainee during the events at issue, the Court will analyze his claims under Eighth Amendment principles because the rights of pretrial detainees are equivalent to those of convicted prisoners. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).[2]

---

[2] On June 22, 2015, the Supreme Court held in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472–73. The Sixth Circuit has never "squarely decided whether the Fourth Amendment's objective reasonableness standard can ever apply to a plaintiff's claims for inadequate medical treatment." *Esch v. Cty. of Kent*, 699 F. App'x 509, 514 (6th Cir. 2017) (finding it unnecessary to determine whether the Fourth or Fourteenth Amendment applies because

5

Therefore, to state a claim for relief under § 1983, Plaintiff must allege that Defendants were deliberately indifferent to his serious medical needs, which requires that a Defendant knew of and disregarded a substantial risk of serious harm to Plaintiff's health. *Spears v. Ruth,* 589 F.3d 249, 254 (6th Cir. 2009) (citing *Farmer v. Brennan,* 511 U.S. 825, 835–37 (1994); *Estate of Carter v. City of Detroit,* 408 F.3d 305, 311 (6th Cir. 2005)). "A plaintiff satisfies the subjective component by 'alleg[ing] facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). However, the subjective requirement of the Eighth Amendment is designed "to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he filed multiple medical requests, and that Defendants Burns and Jones were responsible for not providing treatment, as Defendant Burns "stated in from of Dr. William [ ] that the State is not sending sufficient funds and they can't help me short of me falling out or dying" [Doc. 5 p. 3]. Additionally, Plaintiff claims that Defendant Tanner also stated that the "facility doesn't have the funding to provide [necessary] health care" [*Id.*]. "When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay

---

plaintiff's claims failed under both the deliberate indifference and objective reasonableness standards) (internal citations omitted). However, "[i]f the plaintiff is a pretrial detainee who has had a probable cause hearing, the Fourteenth Amendment (and by extension, the Eighth Amendment's deliberate indifference standard) governs her claims." *Id.* (citing *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010)).

6

medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). Therefore, the Court finds for purposes of the initial review required by the PLRA, that Plaintiff has stated a colorable medical deliberate indifference claim against Defendants Burns, Jones, and Tanner.

### D. Plaintiff's Remaining Claims

Plaintiff also challenges the law library at the Lincoln County Jail, as "the facility lacks almost all fed[e]ral law book[s] and most state," that access to the law library is restricted to a one hour visit, and that he is denied help during his allowed time [Doc. 5 p. 5]. It is well established that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, any inmate who claims he was denied such access must "demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To demonstrate that the lack of access has hindered his efforts to pursue a legal claim, an inmate must establish that the prison official impeded his pursuit of a non-frivolous post-conviction or civil rights action, i.e., a denial or dismissal of a direct appeal, habeas petition, or civil rights case seeking to vindicate basic constitutional rights. *Id.* at 348–54; *see also Pilgrim v. Littlefield*, 92 F.3d 414, 415–16 (6th Cir. 1996) (noting a plaintiff must show prejudice, such as the late filing of a court document or the dismissal of a non-frivolous claim resulting from the inadequate access).

Plaintiff has not made any such showing because he has failed to plead facts, which, if taken as true, show that the lack of access to the law library hindered his efforts to pursue non-frivolous legal claims. *See Hadix v. Johnson*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which, the Court said, cannot be shown 'simply by establishing

7

that his prison's law library or legal assistance program is sub-par in some theoretical sense.") (quoting *Lewis*, 518 U.S. at 351). Ultimately, the right of access to the court system has never been equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985); *see, e.g.*, *Lewis*, 518 U.S. at 351 (holding a sub-par library or legal assistance program does not establish relevant actual injury). Therefore, Plaintiff's complaint fails to set forth facts, which, even if liberally construed, support a claim for the denial of meaningful access to the courts, and his claims regarding the law library will be **DISMISSED**.

Lastly, Plaintiff alleges that he "believe[s] [his] legal mail is getting tampered with" [Doc. 5 p. 5]. Prisoners maintain a First Amendment right to send and receive mail. *See Procunier v. Martinez,* 416 U.S. 396, 408–09 (1974), *overruled in part on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives— including deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell v. Procunier,* 417 U.S. 817, 822–23 (1974)

First, Plaintiff fails to allege that any Defendant was responsible for the alleged deprivation of his constitutional rights. As the Court previously stated, a defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "Likewise, his conclusory, unsupported statements alleging that his legal mail was opened [are] insufficient to state a claim." *Dellis v. Corr. Corp. of Am.*, 25 F.3d 508, 511 (6th Cir. 2001) (internal citations omitted) (dismissing conclusory access to the courts claim). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim for relief. *Bell Atlantic Corp. v.*

8

*Twombly*, 550 U.S. 544, 570 (2007).  Lastly, Plaintiff fails to allege prejudice required to assert a violation of his right of access to the courts under the First Amendment.  *See Truss-El v. Bouchard*, 103 F. App'x 575, 577 (6th Cir. 2004) (upholding dismissal of prisoner's claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation).  Therefore, Plaintiff's claims regarding the alleged opening of his legal mail fail to state a claim for relief under § 1983, and will be **DISMISSED**.

### III. CONCLUSION

Accordingly, this action will proceed only as to Plaintiff's medical deliberate indifference claims against Defendants Burns, Tanner, and Jones.  The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Burns, Tanner, and Jones.  Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of receipt of this Memorandum and Order.  At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service.  Fed. R. Civ. P. 4.  Plaintiff is forewarned that failure to timely return the completed service packets could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty-one days from the date of service.  If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

Therefore, for the reasons set forth above:

1. Defendant Patel is **DISMISSED** as a Defendant to the present action;
2. Plaintiff's claims relating to the access to the courts and the opening of his legal mail are **DISMISSED**; and
3. This action will proceed only as to Plaintiff's medical deliberate indifference claims against Defendants Burns, Tanner, and Jones. The Clerk is **DIRECTED** to send Plaintiff a service packet for Defendants Burns, Tanner, and Jones.

**SO ORDERED.**

**ENTER:**

s/Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE